IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA, INC. | : : : | CIVIL ACTION |
| v. | : : | |
| AVID RADIOPHARMACEUTICALS, et al | : : | NO. 10-6908 |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                       **March 23, 2016**

Both Avid Radiopharmaceuticals ("Avid"), the verdict winner, and AIA America, Inc. ("AIA")[1] have filed motions for review of the Clerk's taxation of costs.[2] AIA objects to the $85,500.00 paid to Capital Novus[3] allowed by the Clerk for graphic trial support, arguing the vendor fees are not taxable, not sufficiently supported and excessive. AIA also requests that we exercise our equitable discretion to reduce the taxable costs because Avid should not be rewarded for its infringement of the patents. Avid objects to the Clerk's denial of $71,277.50 in costs associated with the on-site trial attendance of its trial technician and senior designer.

After reviewing Avid's bill of costs *de novo*,[4] we conclude that the vendor fees and the costs of Avid's trial support team are not taxable.

---

[1] At the time of trial, AIA America, Inc. was known as Alzheimer's Institute of America, Inc.

[2] *See* Clerk's Taxation of Costs, June 2, 2015, Doc. No. 407, at 16.

[3] Capital Novus is also known as Novus Trial Consulting. *See* Bill of Costs, Ex. 9, Doc. No. 318-13.

[4] *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000) (citations omitted).

## Discussion

Federal Rule of Civil Procedure 54(d)(1) allows courts to award costs to the prevailing party. What costs may be allowed are enumerated in 28 U.S.C. § 1920. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). Costs are "limited to relatively minor, incidental expenses" and "modest in scope." *Id.* at 2006.

The issue here is whether the challenged trial support costs are taxable as "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" under 28 U.S.C. § 1920(4). Although "exemplification" means more than "making copies," it does not include preparing demonstrative exhibits. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166 (3d Cir. 2012) (citing *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1361 (Fed. Cir. 2002)). Nor does it include the "intellectual effort" involved in creating documents for use at trial. *Id.* at 169 (quoting *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989)).

Material that is "essentially explanatory and argumentative" does not qualify as taxable exemplification. *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1377 (Fed. Cir. 2006) (citation omitted). Visual aids used in counsel's arguments and in the testimony of expert witnesses are not taxable. *Id.* (citation omitted). Nor are the costs for preparation of exhibits and demonstrative aids. The expense for having vendors at trial to present exhibits and aids electronically is also not taxable. *Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, Nos. 08-6304, 09-2073, 09-1233, 2013 WL 1716468, at *12-13 (D.N.J. Apr. 18, 2013) (citing *Race Tires*, 674 F.3d at 169).

**Pretrial Preparation**

The only materials Avid claims were exemplified are slides used during counsel's opening and closing statements, and enlarged exhibits of family trees used in connection with expert witness testimony.[5] These visual aids were explanatory; some were argumentative. As such, the cost for preparing and presenting them is not taxable.

Capital Novus charged Avid a flat fee for its graphic services.[6] The invoices submitted provide no details regarding the nature of the graphics, the scope of the work, the time spent and when it was performed.[7] They described the work as "graphics and presentation support."[8] The flat fee did not include the cost of attendance of on-site trial support, which was to be invoiced separately at a rate of $175 per hour.[9]

Capital Novus's engagement letter describes that its work was to "provide demonstratives for both trials." Two important facts are revealed in the letter. First, the consultant's work was to prepare demonstrative aids. It was not to make copies or exemplifications. In the declaration attached to Avid's Bill of Costs, counsel acknowledged that this cost was "for the preparation of demonstratives during trial."[10] Second, the fee was for work associated with two trials. Although there was only one trial, Avid disingenuously seeks costs for a second trial that never occurred. At the time

---

[5] Burwell Decl., Doc. No. 318-3, ¶ 11.

[6] *See* Bill of Costs, Ex. 9, Doc. No. 318-13.

[7] *See id.*

[8] *See id.*

[9] *See id.*

[10] Burwell Decl., Doc. No. 318-3, ¶ 11.

Capital Novus was engaged, Avid contemplated a possible complicated patent infringement trial which would have been preceded by a *Markman* hearing presenting complex technical and scientific issues.[11]  Contrary to Avid's representation, "both phases" were not tried in a single trial.  The only issue tried was AIA's standing.

Avid reserved the right to renegotiate the fee in the event a second trial did not take place.[12]  There is no evidence that the fee was renegotiated once there was no need for a patent infringement trial.

The work was to prepare demonstrative aids.  Because costs for demonstrative aids are not taxable, we shall disallow the $85,500.00 paid to Capital Novus.

### Trial Assistance

The costs of Avid's trial technician and senior designer are likewise non-taxable. The cost of preparing the format for presenting a party's exhibits in a manner favored by that party should not be borne by the other party.

Avid argues that these costs were necessary to simplify the presentation of the evidence in a case involving complex issues.  It characterizes this case as a typical patent case when it was not.  It was not a patent infringement trial.  It was a trial on standing.  The case never reached the highly technical and scientific issues usually implicated in a patent infringement trial.  In any event, the costs for a trial support team are not taxable.

---

[11] *See id.*

[12] *See* Bill of Costs, Ex. 9, Doc. No. 318-13.

**Equitable Reduction of Costs**

In exercising our discretion to award costs, we may consider evidence that "sheds light on the equities" in the case. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000). AIA argues that Avid should not be rewarded for acts of infringement that it may have committed. However, infringement was never determined in this action. Indeed, as Avid notes, a defendant cannot be liable for the infringement of an invalid patent. *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) (quoting *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983)). Thus, we decline to reduce Avid's costs on equitable grounds.

**Conclusion**

We shall grant AIA's motion to the extent it requests that we disallow the taxation of $85,500.00 for trial graphics provided by Capital Novus and deny Avid's motion seeking costs of its trial technician and senior designer.