IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALZHEIMER'S INSTITUTE OF AMERICA, INC. | : | CIVIL ACTION |
| v. | : | |
| AVID RADIOPHARMACEUTICALS, et al | : | NO. 10-6908 |

### MEMORANDUM

**Savage, J.**                                                                                            **August 17, 2016**

Finding that this was an "exceptional" case entitling the defendants to attorney's fees under 35 U.S.C. § 285, we granted the defendants' motions for an award of attorney's fees. Mem. Op. (Doc. Nos. 399-401). We deferred fixing the amount of the fees pending a report of a Special Master. The Trustees of the University of Pennsylvania withdrew their request for fees. Avid Pharmaceuticals ("Avid") continues to pursue its request.

Avid requested $6,867,219.31 for attorney's fees and expenses in the defense of the patent claim filed by Alzheimer's Institute of America, Inc. ("AIA"). AIA contested both the reasonableness of the time spent and the hourly rates charged.

In light of the volume of documents submitted in support of Avid's motion for attorney's fees, we appointed, with the consent of the parties, retired Judge Gene D. Cohen as Special Master ("Special Master") pursuant to Fed. R. Civ. P. 53(a)(1)(B). The appointment order directed the Special Master to prepare a Report and Recommendation regarding the amount of attorney's fees to be awarded Avid.

Judge Cohen has 44 years of litigation experience in Philadelphia in both the federal and state courts. He served 18 years as a trial judge in the Court of Common Pleas, the last five years of which were in the Commerce Court Division where he conducted and

managed complex civil litigation. He ruled on many requests for counsel fees.

After retiring from the Court, Judge Cohen was a partner in a major law firm for ten years. There, he managed and supervised complex litigation, including supervising a patent case. During his tenure, he was a billing attorney on cases and liaised with general counsel of large national corporations. He is familiar with billing rates for lawyers in and around Philadelphia.

Using his relevant experience as an attorney and judge, the Special Master reviewed 333 pages of chronological billing by the Finnegan firm, 56 pages of billing by the Pepper firm, and 13 pages of billing by the Hogan Lovells firm. He also reviewed approximately 2,500 pages of motions, memoranda and exhibits, letters and notes of testimony created or submitted in the request for attorney's fees, all opposition papers, and motions and rulings.

The Special Master conducted a settlement/mediation conference. His efforts were unsuccessful. Additionally, he held two days of hearings on general and specific objections to Avid's fee request.

The Special Master issued a Report, recommending an award of $3,943,317.70, reducing the total requested by $2,923,901.61. (Doc. No. 417).

The Special Master recommended Avid bear the cost of his fee of $63,405.00. Subsequent to issuing his report, he performed additional work in attempting to resolve the matter in light of his Report and Recommendation. He incurred an additional $8,811.00 in fees. Thus, the total Special Master's fee is $72,216.00.

Avid timely filed objections to the Report. It has since advised that we need not rule on its objections. However, it is preserving them "for the purposes of any appeal of

the case that may be taken by AIA." (Doc. No. 438)

AIA also objected to the Report and Recommendation. The objections will be overruled. The Special Master's findings are not clearly erroneous and are based on the evidence reviewed. AIA's objections to the Report were addressed in the Report with specificity. In essence, AIA contends that the Special Master did not reduce Avid's fees enough.

The Special Master requested AIA to file general and specific objections to the fee request. We approve the method he used in reviewing the fee request.

AIA contended the fee request was so excessive it should be denied in its entirety. The Special Master agreed that the request was excessive, but not outrageous, fraudulent, or unconscionable. He correctly concluded that even though a party did not act fraudulently, the request may be excessive, warranting closer scrutiny and partial rejection of the billings.

The Special Master found that Avid was justified in believing it was facing an exposure in excess of $25,000,000. Accordingly, he concluded the request was not obviously excessive. However, in light of the objection, he conducted a comprehensive analysis with greater scrutiny.

AIA criticized Avid's time entries as reflecting severe overstaffing and overbilling. Although the Special Master overruled this general objection, he examined carefully the specific objections which were raised.

AIA complained Avid's time entries reflect blatant overstaffing even on particular tasks. The Special Master agreed. He found that AIA's criticism was justified to an extent. He reduced Avid's fees accordingly.

AIA objected to Avid's rates. The Special Master found the hourly rates requested by the Finnegan firm and the Pepper firm were reasonable and within the general guidelines of rates charged by law firms in Philadelphia and nationwide. His finding is based on prevailing rates in the community.

AIA complained Avid conducted itself with excess "fact" billing on numerous occasions. The Special Master concluded this objection had merit.

The remaining general objections were more specific in nature. The Special Master determined they had some merit. He discussed them in his rulings on the specific objections. Having found most to have merit, he reduced the fee request for the amount of fees requested for the specific task complained of and recommended reduction of those fees.

As we noted, AIA essentially asserts Avid's fees should have been reduced by a greater amount. These complaints question the expert judgment of the experienced Special Master. The statements made by AIA in its objections to the Report do not justify any further reduction in Avid's fee request.

We shall overrule AIA's objections, adopt and approve the Report and Recommendation of the Special Master and enter judgment in favor of Avid and against AIA in the amount of $3,943,317.70. We shall also order Avid to pay the Special Master $72,216.00 for his service in this matter no later than August 31, 2016.